```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DAVID JAMES WARD, | HONORABLE WILLIAM H. WALLS |
| Petitioner, | |
| v. | Civil Action<br>No. 16-4101 (WHW) |
| UNITED STATES OF AMERICA, | |
| Respondent. | **OPINION** |

APPEARANCES:

David James Ward, Petitioner pro se
#10694-026
Tucson – United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

**WALLS, Senior District Judge:**

I.  **INTRODUCTION**

This matter comes before the Court on the motion by David James Ward to vacate, set aside, or correct his federal sentence. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction, and no certificate of appealability shall issue.

II.  **BACKGROUND**

The circumstances of Petitioner's offense were set forth in a prior opinion of this Court and are reproduced here:

> On December 4, 1995, while employed as a commercial tractor-trailer truck driver, Ward abducted a 24-year-old woman. He met the victim while she was working as a

>waitress and bartender in Mahwah, New Jersey. As the victim left the bar for the night, Ward jumped on her back and threw her to the ground. He wrapped her head and legs with duct tape and bound her hands and feet with plastic cuffs. Ward carried the victim to his truck which was parked nearby. Over the next three days, Ward kept the woman captive in his truck and repeatedly sexually assaulted her. Ward continued to make scheduled deliveries and pick-ups in different states including New York and Indiana.
>
>On December 7, Ward and the victim arrived at a truck stop in Indianapolis. Ward left his truck, telling the victim he would return shortly. After Ward left, the victim watched to make sure that he was out of the area. She was able reach a nail clipper in the ashtray in the front cabin. She used the clipper to cut the plastic cuffs on her ankles, but was unable to remove the cuffs that bound her wrists. She jumped out of the truck and after several unsuccessful attempts to get help, she obtained aid from a man who notified a security guard. In the meantime, Ward fled the scene.
>
>The victim described Ward's truck to police who were able to locate it in Illinois via a global positioning satellite system; Ward was arrested by the Illinois State Police.

*United States v. Ward*, 760 F. Supp. 2d 480, 480–81 (D.N.J. 2011). A federal grand jury indicted Ward on one count of kidnapping in violation of 18 U.S.C. § 1201 in January 1996.

Petitioner pled guilty to the indictment in July 1996. Application for Permission to Enter Plea of Guilty, *United States v. Ward*, No. 96-0061 (D.N.J. July 10, 1996).[1] "Paragraph 24 of the application twice noted that Ward understood that he faced a maximum sentence of life imprisonment." *Ward*, 760 F.

---

[1] *See* 28 U.S.C. § 2255 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

2

Supp. 2d at 481. A letter from the United States Attorney informed Petitioner a month before his plea that "the judge may impose the maximum term of imprisonment and that a violation of 18 U.S.C. § 1201 'carries a statutory maximum penalty of life imprisonment . . . .' The letter also warned that the Sentencing Guidelines might authorize a departure from the minimum and maximum penalties. Ward signed a document acknowledging that he received the letter, read and understood it." *Ibid.* (omission in original). On January 7, 1997, this Court departed from the guidelines due to the multiple acts of criminal sexual abuse and sentenced Petitioner to 720 months incarceration. Petitioner appealed, and the Third Circuit affirmed the sentence on November 17, 1997. *United States v. Ward*, 131 F.3d 335 (3d Cir. 1997).[2] Petitioner did not file a petition for writ of certiorari.

In 2008, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing his detention was unconstitutional because he did not knowingly and voluntarily enter his guilty plea and because he had ineffective assistance of counsel. This Court noted that 28 U.S.C. § 2255 is the presumptive means by which federal prisoner could challenge

---

[2] The matter was remanded to this Court in order to make findings under the Violence Against Women Act as to whether Petitioner had to undergo blood testing for AIDS. *Ward*, 131 F.3d at 337.

3

their convictions and sentences and that Petitioner had not demonstrated that § 2255 was inadequate or ineffective. *Ward v. United States*, No. 08-889, 2008 WL 2622785 (D.N.J. June 27, 2008). As the one-year statute of limitations under § 2255 had long since expired by the time the petition was filed, the Court denied the motion. *Id.* Petitioner did not appeal. Over the next several years, Petitioner filed a variety of motions seeking to "correct" his sentence; all of the motions were denied. He filed the instant § 2255 motion on July 7, 2016.

Petitioner raises three grounds for relief: (1) the sentencing court lacked jurisdiction over the matter as the elements of rape and/or sexual assault were not presented to the grand jury; (2) the departure of the sentence from the guideline range of 210-262 months violated the Ex Post Facto Clause because rape and/or sexual assault were not charged in the indictment; and, (3) the sentence is unconstitutional because the guidelines were mandatory at the time of sentencing. Petition ¶ 12.

### III. STANDARD OF REVIEW

Petitioner brings this § 2255 motion as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se § 2255 motion and any supporting submissions must be

4

construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

However, a federal district court must dismiss a § 2255 motion if it appears from the face of the motion that the petitioner is not entitled to relief. 28 U.S.C. § 2255 Rule 4.

## IV. DISCUSSION

This is approximately Petitioner's sixth challenge to his sentence.[3] Before this Court may consider a second or successive § 2255 motion, Petitioner must obtain an order of authorization from the Third Circuit. 28 U.S.C. § 2255(h); 28 U.S.C. § 2255 Rule 9. As Petitioner has not obtained such an order, this Court must either dismiss the motion or transfer it to the Third

---

[3] *See United States v. Ward*, 760 F. Supp. 2d 480 (D.N.J. 2011) (denying motion to correct sentence based on claim that possibility of "criminal enhancements" were not mentioned in the plea agreement or at plea hearing); *Ward v. United States*, No. 11-4944 (D.N.J. Sept. 26, 2011) (denying § 2255 motion), *aff'd* No. 12-1111 (3d Cir. Apr. 5, 2012) (denying certificate of appealability as motion should have been dismissed as unauthorized second or successive motion); *Ward v. Martinez*, No. 10-1228 (M.D. Pa. Nov. 16, 2010) (dismissing challenge to guilty plea as improperly brought under § 2241); *Ward v. Martinez*, No. 10-0418, 2010 WL 1379591 (D.N.J. Mar. 29, 2010) (dismissing challenge to sentencing court's jurisdiction as improper under § 2241 and untimely under § 2255); *Ward v. United States*, No. 08-889, 2008 WL 2622785 (D.N.J. June 27, 2008) (dismissing motion claiming ineffective assistance of counsel and involuntary plea as improper under § 2241 and untimely under § 2255).

5

Circuit. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015).

Sections 2255(h) permits the certification of a second or successive motion only where the claim is based on newly discovered evidence that, if proven, would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The Court finds that it is not in the interests of justice to transfer the motion to the Third Circuit as it does not appear Petitioner can satisfy the requirements of § 2255(h) because his claims are not based on a new Supreme Court decision or newly discovered evidence.

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

6

would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the motion as second or successive is correct because, as stated, Defendant's claims are not based on newly discovered evidence or a new Supreme Court decision.

## V.  CONCLUSION

For the reasons stated above, this Court will dismiss the motion for lack of jurisdiction, and a certificate of appealability shall not issue. An accompanying Order will be entered.

18 October 2016
Date

WILLIAM H. WALLS
Senior U.S. District Judge